**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000505
22-NOV-2011
09:42 AM**

NO. CAAP-11-0000505


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
RANDOLPH GOLDMAN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTI-10-144505)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over Defendant-Appellant Randolph Goldman's (Appellant) appeal from the Honorable Randall Shintani's December 1, 2010 judgment for the offense of violating longitudinal traffic lane markings in violation of Hawaii Revised Statutes (HRS) § 291C-38 (2007), because Appellant's appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

An appellate court has an independent obligation to ensure jurisdiction over each case and to dismiss the appeal

sua sponte if a jurisdictional defect exits. <u>State v. Graybeard</u>, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000). We note that violating longitudinal traffic lane markings in violation of HRS § 291C-38 (2007) is punishable by a fine,[1] and, thus, constitutes a "'[t]raffic infraction' . . . for which the prescribed penalties do not include imprisonment." HRS § 291D-2 (1993). "No traffic infraction shall be classified as a criminal offense." HRS § 291D-3(a) (2007). Under HRS Chapter 291D, contested traffic citations are adjudicated at a hearing before a district court. An adjudication in favor of the State may be followed by a trial de novo before the district court conducted "pursuant the Hawaii rules of evidence and rules of the district court[.]" HRS § 291D-13(a) (2007). Rule 19(d) of the Hawai'i Civil Traffic Rules (HCTR) provides that "[a]ppeals from

---

[1]     Subsections (a) and (b) of HRS § 291C-161 (2007) provide:

§ 291C-161. Penalties.

(a)   It is a violation for any person to violate any of the provisions of this chapter except as otherwise specified in subsections (c) and (d) and unless the violation is by other law of this State declared to be a felony, misdemeanor, or petty misdemeanor.

(b)   Except as provided in subsections (c) and (d), every person who is determined to have violated any provision of this chapter for which another penalty is not provided shall be fined:

(1)   Not more than $200 for a first violation thereof;

(2)   Not more than $300 for a second violation committed within one year after the date of the first violation; and

(3)   Not more than $500 for a third or subsequent violation committed within one year after the date of the first violation.

HRS § 291C-161(a) & (b) (2007 & Supp. 2010).

judgments entered after a trial may be taken in the manner provided for appeals from district court civil judgments." HCTR Rule 19(d). Appeals from district court civil judgments are authorized by HRS § 641-1(a) (1993 & Supp. 2010).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. A final order means an order ending the proceeding, leaving nothing further to be accomplished. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted).

The December 1, 2010 judgment ended the proceeding by providing the final adjudication and penalty against Appellant for the offense of violating longitudinal traffic lane markings in violation of HRS § 291C-38 (2007), leaving nothing further to be accomplished. Therefore, the document in this case that is appealable pursuant to HRS § 641-1(a) is the December 1, 2010 judgment.

Appellant did not file any timely post-judgment motions that could have tolled the thirty-day time period for filing a notice of appeal pursuant to HRAP Rule 4(a)(3). Appellant did not file his June 29, 2011 notice of appeal within thirty days after entry of the December 1, 2010 judgment, as HRAP Rule 4(a)(1) requires for an appeal from a civil judgment. Therefore, Appellant's June 29, 2011 notice of appeal is untimely as to the December 1, 2010 judgment pursuant to HRAP Rule 4(b)(1). "As a general rule, compliance with the requirement of the timely

filing of a notice of appeal is jurisdictional, . . . and we must dismiss an appeal . . . if we lack jurisdiction." Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (citations, internal quotation marks, and original brackets omitted); Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice thereof is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). We lack jurisdiction over this untimely appeal.

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, November 22, 2011.

Chief Judge

Associate Judge

Associate Judge